IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COLLEEN KENNEDY,<br><br>         Plaintiff,<br><br>vs.<br><br>AETNA LIFE INSURANCE COMPANY and HOLDINGS ACQUISITION CO., LP d/b/a RIVERS CASINO WELFARE PLAN and HOLDINGS ACQUISITION CO., L.P. d/b/a RIVERS CASINO,<br><br>         Defendant. | *Electronically Filed*<br><br>Civil No.:<br><br>Judge |

## COMPLAINT

AND NOW, comes the Plaintiff, Colleen Kennedy, by and through her undersigned counsel, and sets forth the within cause of action against the Defendants, Aetna Life Insurance Company and Holdings Acquisition Co., L.P. d/b/a Rivers Casino Welfare Plan and Holdings Acquisition Co., L.P. d/b/a Rivers Casino, more particularly as follows:

## PARTIES

1. The Plaintiff, Colleen Kennedy, is an adult individual, who at all times relevant hereto, has resided in Westmoreland County, Pennsylvania, maintaining a mailing address of 1510 White Oak Drive, Greensburg, 15601.

2. The Defendant, Aetna Life Insurance Company, is an insurance company authorized to conduct business in Pennsylvania, maintaining an address of 151 Farmington Avenue, Hartford, Connecticut 06156.

1

3. The Defendant, Holdings Acquisition Co., LP d/b/a Rivers Casino Welfare Plan is a 501 Welfare Plan, maintaining an address of 777 Casino Drive, Pittsburgh, Pennsylvania 15212.

4. The Defendant, Holdings Acquisition Co., LP d/b/a Rivers Casino is the employer of the Plaintiff and the Plan Administrator, maintaining an address of 777 Casino Drive, Pittsburgh, Pennsylvania 15212.

## JURISDICTION AND VENUE

5. This action is brought under, and jurisdiction is vested in this Court through, the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. §§ 1001-1461 ("ERISA"), and specifically 29 U.S.C. § 1132(e), which provides that the district courts of the United States shall have exclusive jurisdiction over civil actions under this title brought by a participant, beneficiary, fiduciary, or any other person referred to in ERISA.

6. Venue is proper pursuant to 29 U.S.C. § 1132(e) or 28 U.S.C. 1391(b), because, Defendants regularly conduct business in this District and the breach took place in this District.

## FACTUAL BACKGROUND

7. This action stems from a policy of long term disability insurance ("policy") administered by Defendants under which Plaintiff was an insured. Policy number GP-865110-GI was provided to the Plaintiff through her employer, Holdings Acquisition Co., LP d/b/a Rivers Casino, to fund the Plan and was underwritten by Defendant Aetna. The Plan documents identify Holdings Acquisition Co., LP d/b/a Rivers Casino as the Plan Administrator.

8. The Plaintiff was employed by as a legal compliance administrator with Holdings Acquisition Co., LP d/b/a Rivers Casino.

9. The policy provided for benefits to Plaintiff in the event that Plaintiff became disabled in accordance with the terms of the Policy. A true and correct copy of the policy is attached hereto as Exhibit "A."

10. The Plan and the Plaintiff's claim thereunder, is governed by the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. §§ 1001-1461 ("ERISA").

11. On or about May 25, 2013, the Plaintiff went out of work due to multiple sclerosis. Specifically, the Plaintiff has been diagnosed with MS with persistent disorganization of motor function in two extremities, such as paresis or paralysis, tremor, involuntary movements, ataxia and sensory disturbances.

12. The Plaintiff began receiving long term disability benefits under the Policy, as well as Social Security Disability benefits.

13. The Policy defines "test of disability" as follows:

From the date that you first become disabled and until monthly benefits are payable for 24 months you meet the test of disability on any day that:

- You cannot perform the material duties of your own occupation solely because of an illness, injury or disabling pregnancy-related conditions; and
- Your earnings are 80% or less of your adjusted predisability earnings.

After the first 24 months of your disability that monthly benefits are payable you meet the plan's test of disability on any day you are unable to work at any reasonable occupation solely because of an illness, injury or disabling pregnancy-related condition.

Reasonable occupation is any gainful activity for which you are, or may reasonably become, fitted by education, training or experience; and which results in, or can be expected to result in, an income of more than 60% of your adjusted predisability earnings.

14. Pursuant to the terms of the Policy, Aetna has full discretion and authority to determine eleibibiity for benefits and to construe and interpret all terms and provisions in the Policy.

15. Aetna reviewed the Plaintiff's claim for ongoing long-term disability benefits and on or about August 25, 2015 informed the Plaintiff that she did not meet the definition of total disability under the Policy, that she would be paid benefits through September 2, 2015, and that her claim for long term disability benefits was terminated effective September 3, 2015. *See* Correspondence dated August 25, 2015 attached hereto as Exhibit "B."

16. Under correspondence dated February 29, 2016, the Plaintiff appealed Aetna's decision. *See* Correspondence dated February 29, 2016, attached hereto as Exhibit "C."

17. Included with the correspondence was additional medical documentation of ongoing disability, including an October 20, 2015 brain MRI and medical records from Premier Medical Associates.

18. Specifically, the Plaintiff has sought treatment at Premier Medical Associates for a variety of problems, including anxiety, depression, DJD, leg muscle spasm, migraine headaches, multiple sclerosis, numbness and tingling, spinal stenosis and urinary incontinence. Due to the MS and spinal stenosis, the Plaintiff continues to experience left leg and arm numbness and tingling, difficulty walking and coordination, loss of balance, left side weakness, sensory deficit on entire left side, chronic fatigue, blurred vision, headaches, loss of concentration, focus and forgetfulness, stabbing pain in shoulder and neck, difficulty sleeping, lower back pain, heat intolerance, noise intolerance, depression, mood swings, anxiety and irritability, urinary incontinence and constipation.

19. This is consistent with Aetna's internal file, which documents the Plaintiff's ongoing complaints and findings on physical examinations. These complaints include left side numbness, balance issues, difficult walking, difficulty thinking, remembering words, blurred vision, and difficulty differentiating between hot and cold.

20. Moreover, Aetna's internal file documents that not one, but two doctors, namely Dr. Leibu and Dr. Lichtenstein, opined that the Plaintiff's MS is worsening.

21. At no time was Coventry, who performed the Aetna Transferable Skills/Labor Market Analysis, provided with the opinions of either Dr. Leibu or Dr. Lichtenstein.

22. Under correspondence dated June 6, 2016, Aetna upheld its denial of benefits, concluding that the Plaintiff was not totally disabled and that benefits should be terminated as of September 3, 2015. *See* correspondence dated June 6, 2016, attached hereto as Exhibit "D."

23. Defendant's denial letter completely lacked any evaluation and analysis of the totality of the evidence of record, medical or otherwise, and its application to the terms and provisions of the Policy.

24. The Plaintiff exhausted her administrative review rights and performed all the conditions precedent to the issuance of benefits under the policy.

25. Due to the termination of long term disability benefits, the Plaintiff's Premium Waiver of the Group Life Insurance Policy issued by Aetna to the Holdings Acquisition Co., LP DBA Rivers Casino also was terminated.

**COUNT I:  Claim for Benefits – 29 U.S.C.A. § 1132**

26. Plaintiff hereby incorporates by reference paragraphs 1 through 25 above.

27. Title 29 U.S.C.A. § 1132 provides that "[a] civil action may be brought (1) by a participant or beneficiary . . . (B) to recover benefits due to him under the terms of his plan, to

enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan . . . "

28.     The Defendants have impermissibly denied Plaintiff benefits from the period of September 3, 2015 to the present.

29.     Plaintiff meets the definition of Total Disability as defined under the Policy whereby she would be unable to work at any reasonable occupation solely because of an illness, injury or disabling pregnancy-related condition

30.     The Defendants have abused their discretion and have wrongfully and in violation of the terms of the Policy refused to issue payment to Plaintiff, although the Plaintiff has made request therefor.

31.     The above-mentioned decision in denying the Plaintiff the rights and benefits was an abuse of discretion, arbitrary and capricious, wrongful, unreasonable, contrary to the terms of the Policy and the law, and not supported by substantial evidence.

32.     The above-mentioned decision of AETNA in denying the Plaintiff the rights and benefits was illegal and unreasonable.

33.     Significant medical evidence has been presented outlining the nature and extent of Plaintiff's disability.  Notwithstanding this medical evidence, Defendants continue to erroneously, and without merit, deny Plaintiff long term disability benefits.

34.     Defendants abused their discretion, including but not limited to, (a) ignoring the opinions of the Plaintiff's treating physicians; (b) failing to give proper weight to the consistent and repeated opinions that Plaintiff was unable to work; (c) failing to give weight to Plaintiff's medical records; (d) failing to have the Plaintiff's claim reviewed in accordance with the express terms of the Policy; (e) disregarding medical records documenting the Plaintiff's

worsening MS and symptoms related thereto, including cognitive difficulties and (f) failing to provide a "full and fair review."

35. Upon information and belief, the Defendants also violated the express terms of the Policy during the appeal process when Defendant allowed the same person(s) or their subordinates who made the initial claim decision to make the appeal decision.

36. Upon and information and belief, Defendants violated the express terms of the Policy when Defendants failed to adequately identify the medical experts it consulted with during the appeal process and misrepresented the positions of the consultants to the Plaintiff.

37. As a direct and proximate result of Defendants' failure to provide Plaintiff with long term disability benefits under the Policy, Plaintiff has been deprived of said benefits from the period of September 3, 2015 to the present.

38. Plaintiff requests attorneys' fees under the authority of 29 U.S.C. § 1132(g)(1).

WHEREFORE, the Plaintiff, Colleen Kennedy, respectfully requests that this Honorable Court enter judgment in her favor and against the Defendants for the amount of all benefits due and owing since the date of termination, with interest as may be permitted by the Court, an order reinstating Plaintiff's long term disability benefits together with her ancillary benefits, including life insurance with waiver of premium; an award for reasonable attorney's fees and costs as provided for under 29 U.S.C. § 1132(g)(1); and any other legal or equitable relief as the Court may deem just and appropriate.

### COUNT II:  Breach of Fiduciary Duty – 29 U.S.C.A. § 1104

39. Plaintiff hereby incorporates by reference paragraphs 1 through 38 above.

40. Defendants administered the Plan, underwritten by the Policy, and, as such, acted as a fiduciary to the participants and beneficiaries of the Plan, including Plaintiff.

41. Plan administrators, as fiduciaries, must discharge their "duties with respect to a plan solely in the interest of the participants and beneficiaries." 29 U.S.C.A. § 1104(a)(1).

42. In arbitrarily and capriciously denying Plaintiff benefits and in ignoring medical evidence and expert evaluations, Defendants breached their fiduciary duty to Plaintiff.

43. Moreover, the decision to deny Plaintiff's benefits resulted in a monetary savings to Defendants, and thus, was tainted by a conflict of interest.

WHEREFORE, the Plaintiff, Colleen Kennedy, respectfully requests that this Honorable Court enter judgment in her favor and against the Defendants for the amount of all benefits due and owing, since the date of termination, with interest as may be permitted by the Court, an order reinstating Plaintiff's long term disability benefits together with her ancillary benefits, including life insurance with waiver of premium; an award for reasonable attorney's fees and costs as provided for under 29 U.S.C. § 1132(g)(1); and any other legal or equitable relief as the Court may deem just and appropriate.

Respectfully submitted,

By: /s/ Robert W. King
Robert W. King, Esquire
PA ID No. 25820
rking@kingguiddylaw.com

By: /s/ Melissa A. Guiddy
Melissa A. Guiddy, Esquire
PA ID No.79223
mguiddy@kingguiddylaw.com

114 North Maple Avenue
Greensburg, PA  15601
(724) 836-1500
(724) 836-1668
Attorney for Plaintiff,
Colleen Kennedy

Date: 1/25/2018